# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DANIEL BARBOSA, et al.,** | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:16-cv-01843 (APM) |
| **UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,** | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs seek reconsideration of the court's dismissal of Count IV of their Complaint, which alleged that the Federal Emergency Management Agency ("FEMA") violated the Administrative Procedure Act, specifically 5 U.S.C. § 552(a)(1), by using unpublished rules to evaluate Plaintiffs' applications for disaster relief. *See* Pls.' Mot. for Recons., ECF No. 18 [hereinafter Pl.'s Mot.]; Compl., ECF No. 1 [hereinafter Compl.], ¶¶ 91–95.[1] In its Memorandum Opinion dismissing the Complaint, the court tersely explained its dismissal of Count IV as follows: "Given that Count IV depends on Plaintiffs stating a claim in Counts I, II, or III, Count IV necessarily fails to state a claim, as well." *Barbosa v. U.S. Dep't of Homeland Sec.*, No. 16-1843, 2017 WL 2958606, at *12 n.7 (D.D.C. July 11, 2017). Plaintiffs now assert that the court was wrong to dismiss Count IV on that basis, arguing that "Count IV is fact-based and conceptually distinct from the legal issues decided by the Court in [its Memorandum Opinion], and cannot be dismissed for the same reasons that this Court relied upon to dismiss Plaintiffs' other claims." Pls.'

---

[1] Plaintiffs do not ask the court to reconsider its dismissal of Counts I through III.

Mot. at 1. The court should have provided the parties a more fulsome explanation for why it dismissed Count IV and now takes the opportunity to do so.

I

In Counts I, II, and III, Plaintiffs claimed that FEMA violated three separate statutory mandates by failing to adopt sufficiently detailed regulations concerning the agency's operation of an emergency disaster relief program known as the Individuals and Households Program. *See Barbosa*, 2017 WL 2958606, at *2–3. The court's primary reason for dismissing all three counts was that Defendants were immune from suit under the "discretionary function exception" of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (the "Stafford Act"), 42 U.S.C. §§ 5121–5206, the statute that governs the provision of emergency disaster relief, including through the Individuals and Households Program. *Id.* at *5–10. The Stafford Act provides that the federal government "shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter." 42 U.S.C. § 5148. The court applied the two-part discretionary function test the Supreme Court created in *United States v. Gaubert* and found that (1) FEMA's determination of which rules to adopt through formal notice-and-comment rulemaking is a discretionary act, and (2) such decision-making is of the type that Congress intended to shield from review under the Stafford Act's discretionary function exception. *See Barbosa*, 2017 WL 2958606, at *5–10 (citing 499 U.S. 315, 322–23 (1991)). The court thus dismissed Counts I, II, and III, for lack of subject matter jurisdiction. *Id*. at *10.

Count IV advanced a different type of claim than that stated in Count I, II, or III. Whereas the first three counts alleged that FEMA had not promulgated regulations as required by Congress,

2

Count IV challenged FEMA's use of unpublished rules and policies to decide Plaintiffs' applications for disaster relief. *Compare* Compl. ¶¶ 81–90 (Counts I–III), *with id.* ¶ 93 (Count IV). That practice, Plaintiffs alleged, ran afoul of the Administrative Procedure Act's ("APA") requirement that "[f]ederal agencies must publish in the federal register all of their substantive and procedural rules and policy statements." *Id.* ¶ 91 (citing 5 U.S.C. §§ 552(a)(1)(B)–(E)). As relief for that violation, Plaintiffs asked the court to enjoin FEMA from using any unpublished rules and to reevaluate Plaintiffs' relief applications based only on the published rules that existed at the time. *Id.* ¶ 96.

II

The court concludes that it properly dismissed Count IV of the Complaint because the Stafford Act's discretionary function exception shields the agency actions that are the subject of that count from judicial review. Count IV of the Complaint requires the court to determine whether FEMA complied with the APA's requirement that certain types of rules and policies must be published in the Federal Register. Two circuit courts have held, however, that the Stafford Act's discretionary function exception bars judicial review of FEMA's decision-making concerning the applicability of the APA's procedural requirements to FEMA's rules and policies. *See Rosas v. Brock*, 826 F.2d 1004, 1006 (11th Cir. 1987); *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 313, 326 n.13 (5th Cir. 2009). And, while the D.C. Circuit has not addressed the Stafford Act's discretionary function exception's application to APA challenges, it has held in an analogous context that the discretionary function exception contained in the Federal Tort Claims Act precludes tort claims alleging violations of the APA's procedural requirements. *Jayvee Brand, Inc. v. United States*, 721 F.2d 385, 387 (D.C. Cir. 1983). Applying those decisions here, the court lacks subject matter jurisdiction as to Count IV.

3

Both the Eleventh Circuit and the Fifth Circuit have held that the Stafford Act's discretionary function exception precludes judicial review of FEMA's compliance with the APA's notice-and-comment rulemaking provisions. In *Rosas v. Brock*, the plaintiff, who was denied disaster unemployment benefits, brought a class-action suit challenging the definition of "unemployed worker" that the agency[2] had used to evaluate his disaster relief claims. *See Rosas*, 826 F.2d at 1006–07. The plaintiff alleged, among other things, that the agency had wrongfully denied his claim because it had adopted and applied its definition of "unemployed worker" without subjecting the definition to notice-and-comment rulemaking. *See id.* at 1009. The agency responded that its decision to adopt a particular definition of "unemployed worker" was exempt from the APA's notice-and-comment requirement because it was an interpretive, as opposed to substantive, rule. *See id.* The Eleventh Circuit, like the district court, declined to reach the merits of the parties' dispute—whether the agency failed to adhere to the APA's formal rulemaking requirements—because "the government's determination of whether its definition of 'unemployed worker' is a substantive or interpretive rule involves the same sort of discretion and implicates the same policy considerations that exempt the decision [of selecting the term's definition] from judicial review." *Id.* The court explained that "if a discretionary decision," i.e., the adoption of a definition, "is made without following mandated procedures, it is an abuse of discretion and, as such, protected from judicial review." *See id.* at 1009–10. In other words, the court held that the Stafford Act's discretionary function exception precluded review of the agency's *discretionary* decision not to follow formal rulemaking procedures when defining "unemployed worker." The Eleventh Circuit, therefore, affirmed dismissal of the claimant's APA challenge for lack of subject matter jurisdiction. The Fifth Circuit reached a similar decision in *St. Tammany Parish ex rel.*

---

[2] At the time of *Rosas*, the agency responsible for overseeing disaster relief was the Department of Labor, not FEMA. *See Rosas*, 826 F.2d at 1006.

4

*Davis v. FEMA*. There, the plaintiff challenged FEMA's refusal to approve funding for debris removal in the aftermath of Hurricane Katrina and, as pertinent here, argued that "FEMA's refusal to approve funding constituted a substantive rule change about which FEMA never provided the public with notice and an opportunity to comment." 556 F.3d at 313. Citing *Rosas*, the Fifth Circuit affirmed the district court and held that the discretionary function exception barred review of the plaintiff's claim that FEMA had violated the APA's notice-and-comment requirement. *Id.* at 326 n.13 ("Because § 5148 applies, it bars any claim—whether alleged under the [Federal Tort Claims Act] or APA."). Taken together, *Rosas* and *St. Tammany Parish* stand for the proposition that the Stafford Act's discretionary function exception forecloses claims challenging FEMA actions that implicate both procedural and substantive considerations under the APA.[3]

Although the D.C. Circuit has not addressed the Stafford Act's discretionary function exception in the context of an APA challenge, it has addressed the scope of the exception in an analogous context. In *Jayvee Brand, Inc. v. United States*, the plaintiffs brought claims under the Federal Tort Claims Act ("FTCA"), contesting a Consumer Product Safety Commission decision to ban the use of a certain chemical used to treat fabric. 721 F.2d at 387. The plaintiffs maintained that the Commission's ban was unlawful because the agency did not follow procedures set forth in the federal Food, Drug, and Cosmetic Act, which required the Commission to provide notice of the proposed ban in the Federal Register and an opportunity for public comment. *See id*. The

---

[3] The court discerns no material difference between the challenge asserted in this case, brought under Section 552(a)(1), and the challenges in *Rosas* and *St. Tammy Parish*, brought under Section 553. Both types of challenges involve an alleged procedural violation of the APA and contest FEMA's decision not to subject a rule or policy to public scrutiny. After all, just as FEMA exercises discretion when making a judgment under Section 553 as to whether a matter is a legislative rule that requires notice and comment or another type of action that is exempt from the notice-and-comment requirements, an agency exercises similar discretion in deciding under Section 552 whether a matter is a "statement[] of the general course and method by which [FEMA's] functions are channeled and determined"; a "rule[] of procedure"; a "substantive rule[] of general applicability adopted as authorized by law"; or a "statement[] of general policy or interpretations of general applicability formulated and adopted by the agency." 5 U.S.C. § 552(a)(1)(B)–(D).

Circuit held that the plaintiffs' FTCA claims—which it described as an "attack . . . on the procedures by which the . . . ban was formulated and adopted"—were barred by the FTCA's discretionary function exception because, even if the Commission failed to follow the procedures laid out in the statute, that failure was "an abuse in the exercise of policy making, and hence an abuse of discretion shielded from liability" under the FTCA. *Id.* at 389.[4] As this court noted in its Memorandum Opinion, Congress used the FTCA's discretionary function exception in crafting the Stafford Act's exception and, consequently, courts routinely refer to FTCA jurisprudence when evaluating the Stafford Act's discretionary function exception. *See Barbosa*, 2017 WL 2958606, at *5 (collecting cases). In fact, the Eleventh Circuit in *Rosas* relied on *Jayvee Brand* in finding that the Stafford Act's discretionary function exception barred the plaintiffs' APA claims in that case. *See Rosas*, 826 F.2d at 1010. The Circuit's holding in *Jayvee Brand* therefore provides a strong signal as to how the Circuit would apply the Stafford Act's discretionary function exception to an alleged violation of the APA's publication requirements.

Applying *Rosas*, *St. Tammy Parish*, and *Jayvee Brand* here, the court concludes that it lacks subject matter jurisdiction to review Count IV of Plaintiffs' Complaint. Once again, the count alleges FEMA violated the APA by failing to publish rules and policies before using those unpublished rules and policies to deny Plaintiffs relief. Resolving that claim, however, would require the court to evaluate the type of discretionary agency action—i.e., the decision not to publish certain rules and policies in the Federal Register—that *Rosas*, *St. Tammy Parish*, and *Jayvee Brand* make clear is barred from judicial review. An illustration makes the point. Take, for instance, Plaintiffs' allegation that FEMA unlawfully applied unpublished caps and floors on the amount of assistance provided regardless of disaster damages. Compl. ¶ 40(a). To evaluate

---

[4] The court further supported that conclusion by reasoning that Congress did not intend for the FTCA to be used as an additional means of "policing the internal procedures of governmental agencies." *Jayvee Brand*, 721 F.2d at 391.

the lawfulness of that action, the court first would have to address the predicate question of whether the APA required FEMA to publish such aid restrictions in the first place. That inquiry, in turn, would immerse the court in the difficult task of resolving whether caps and floors are: (1) "statements of the general course and method by which [FEMA's] functions are channeled and determined"; (2) "rules of procedure"; (3) "substantive rules of general applicability adopted as authorized by law"; or (4) "statements of general policy or interpretations of general applicability formulated and adopted by the agency"—each of which must be published in the Federal Register. 5 U.S.C. § 552(a)(1)(B)–(D). Pursuing that course, however, would run the court headlong into the shield erected by the Stafford Act's discretionary function exception. Even if FEMA erred by not publishing its caps and floors in the Federal Register before applying them to Plaintiffs' claims, such an error is "an abuse in the exercise of policy making, and hence an abuse of discretion shielded from liability" under the Stafford Act. *See Jayvee Brand*, 721 F.2d at 389; *see also Rosas*, 826 F.2d at 1010. The court lacks subject matter jurisdiction to evaluate such allegations. Accordingly, the court properly dismissed Count IV of the Complaint.

III

Plaintiffs dispute the court's dismissal of Count IV, in large part, based on *La Union Del Pueblo Entero (LUPE) v. FEMA*, in which the United States District Court for the Southern District of Texas held that FEMA's decision to use an unpublished policy—known as the "deferred maintenance" rule—to deny disaster relief claims violated the APA. *See* Pls.' Mot. at 1–2 (citing 141 F. Supp. 3d 681 (S.D. Tex. 2015)). While Plaintiffs are correct that the *LUPE* court found that the Stafford Act's discretionary function exception did not present a barrier to a failure-to-publish claim under Section 552(a)(1) of the APA, the court cannot follow that decision here. First, this court is bound to follow the D.C. Circuit's decision in *Jayvee Brand*, which, although

7

concerning the FTCA, provides a strong indication that the Circuit would treat the challenge Plaintiffs presented in Count IV as implicating FEMA's discretionary function. Second, it does not appear that the *LUPE* court considered whether the Stafford Act's discretionary function exception barred the plaintiffs' Section 552(a)(1) claims. The trial judge in *LUPE* did address whether the Stafford Act's discretionary function exception barred the plaintiffs' claims—similar to those alleged in Counts I through III of Plaintiffs' Complaint—that FEMA's failure to promulgate certain types of regulations violated the Stafford Act, and ruled that such claims were barred. *See La Union Del Pueblo Entero v. FEMA*, 2009 WL 1346030, at *2–8 (S.D. Tex. May 13, 2009). But it does not appear to have conducted the same jurisdictional analysis with respect to the plaintiffs' claims under Section 552(a)(1) during those proceedings.[5] And Plaintiffs here, for their part, have not demonstrated that the *LUPE* trial court engaged in such an analysis. Therefore, neither the *LUPE* decision upon which Plaintiffs' argument relies, nor any related decisions in that case, persuade this court that FEMA's decision *not* to publish a rule or policy pursuant to Section 552(a)(1) is subject to judicial review.

*   *   *

---

[5] The court also has thoroughly reviewed the published decisions leading to the *LUPE* decision upon which Plaintiffs' rely, and has similarly been unable to locate any analysis concerning whether the Stafford Act's discretionary function exception applied to the plaintiffs' claim that FEMA's use of the unpublished deferred maintenance rule violated the APA. *See* 2009 WL 1346030; 2009 WL 10674516 (S.D. Tex. Sep. 22, 2009); 2011 WL 1230099 (S.D. Tex. Mar 30, 2011); 2011 WL 13135967 (S.D. Tex. Oct 6, 2011). Moreover, the Fifth Circuit did not address that issue, either, electing instead to allow the trial court to adjudicate the Section 552(a)(1) claim in the first instance. *See La Union Del Pueblo Entero v. FEMA*, 608 F.3d 217, 225 (5th Cir. 2010).

Accordingly, for the foregoing reasons, the court finds that it properly dismissed Count IV of Plaintiffs' Complaint and denies Plaintiffs' Motion for Reconsideration.

Dated: October 6, 2017

Amit P. Mehta
United States District Judge